Gurjit Kaur THANDI, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72580.

Agency No. A75–304–343.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Randhir S. Kang, Esq., Fremont, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, Linda S. Wendtland, Esq., Richard M. Evans, Esq., Ann Carroll Varnon, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Gurjit Kaur Thandi, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") order denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review credibility determinations for substantial evidence, *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003), and we review de novo due process contentions, *Lopez–Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because the IJ identified inconsistencies between Thandi's testimony and her asylum application that went to the heart of her claim regarding the location of her arrest, how she was beaten, how long she stayed in the hospital, and how many people were arrested with her husband. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151–52 (9th Cir. 1999). Thandi's contention that the IJ failed to make an explicit adverse credibility determination is unavailing because the IJ provided specific, cogent reasons to support his disbelief of Thandi's testimony. *See De Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997). The record does not compel the conclusion that Singh's testimony was credible. *See Singh–Kaur*, 183 F.3d at 1151–52. Accordingly, Singh failed to establish eligibility for asylum or withholding of removal. *See Malhi*, 336 F.3d at 993.

Thandi's contention that the BIA erred by affirming the IJ's decision "without opinion" is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir. 2003).

Thandi's contention that the IJ violated her due process rights by denying her motion for continuance lacks merit because the record reflects that her hearing was in fact continued due to a back injury, and she resumed her testimony at a later date.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.